Owen McGivern, J.
Plaintiff has moved by an order to show cause for a temporary injunction, seeking to enjoin the defendant from a remarriage during the pendency of an action for a declaratory judgment adjudicating the invalidity of a Mexican divorce obtained by the defendant; in support of the application, it is alleged that the defendant plans to remarry in another jurisdiction and in the immediate future. The defendant *230 does not deny the basic allegations, nor that the plaintiff and the defendant are residents of the State of New York.
The order to show cause before me contains an interim stay of remarriage, which this court has continued pending the determination of this application. The defendant in addition has made an oral motion to vacate the interim stay and has also made a formal motion to dismiss the cause of action seeking an injunction, which was requested as part of the relief asked for in the basic action seeking a declaratory judgment.
The briefs herein refer many times to the case of Baumann v. Baumann (250 N. Y. 382 [1929]). A close study of that much-cited case makes it appear that the husband defendant therein had also obtained a Mexican divorce from the plaintiff wife, and had in that case then purportedly married the codefendant in Connecticut. The judgment appealed from not only granted the plaintiff a declaratory judgment as to her matrimonial status, but also enjoined the defendant, among other things, from going through any further marriage ceremony. The Court of Appeals (p. 385) closely held that ‘ ‘ In granting such injunctive relief, on the facts in this case, we think the court exceeded its jurisdiction.”
Thus the court meticulously held in the Baumann case that, on the singular facts therein, an injunction was beyond the court’s jurisdiction. On the facts before this court, however, it can only be determined after a trial whether the singular facts herein make this case distinguishable from the Baumann case. It must be remembered that the function of a temporary injunction is to preserve the status quo pending final judgment; and to this court the facts thus far appearing indicate that this is a case where the remedy asked for is appropriate, since if it is denied arid the defendant does go through another marriage ceremony in the immediate future, the action for an injunction would become moot.
Accordingly, the defendant’s motions are denied and the plaintiff’s motion for a temporary injunction is granted, restraining the defendant from remarrying during the pendency of this action. Plaintiff will file a bond in the sum of $250, and as to her request for a counsel fee herein, she is entitled to such relief insofar as a declaratory judgment is sought, but not as regards the injunction against remarriage (see Civ. Prac. Act, § 1169-a). Since the defendant has stated that he will not oppose the application for a declaratory judgment, a counsel fee in the sum of $500 is allowed.
Settle order.